# In the United States Court of Federal Claims

No. 19-1878
Filed: May 6, 2020
Reissued: May 22, 2020[1]

|  |  |  |
|---|---|---|
| DOE NO. 1, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Fair Labor Standards Act; Conditional |
| | ) | Certification; 29 U.S.C. § 216(b); |
| v. | ) | Similarly Situated; Collective Action; |
| | ) | Two-Step Approach; Court-Facilitated |
| THE UNITED STATES, | ) | Notice. |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Alice Chihyun Hwang*, James & Hoffman, P.C., Washington, DC, for plaintiffs.

*Liridona Sinani*, U.S. Department of Justice, Civil Division, Washington, DC, for defendant.

**ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE**

***SMITH*, Senior Judge**

Before the Court is plaintiffs' Unopposed Motion for Conditional Certification and Notice.  The thirty-two plaintiffs[2] in this case are Victim Specialists in occupational series GS-0101 and are employed by the defendant, the United States, at the Department of Justice, Federal Bureau of Investigation ("FBI").  Plaintiffs' Unopposed Motion for Conditional Certification and Notice (hereinafter "Pls.' Mot.") at 1.  On March 26, 2020, plaintiffs filed their Motion, seeking "conditional certification of certain claims" on behalf of themselves and other similarly-situated employees under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 (2018), *et seq.*, ("FLSA"), and requesting that the Court issue a "court-supervised notice to potential opt-in plaintiffs." *Id.*  On April 27, 2020, the Court held a Status Conference to discuss plaintiffs' Motion.  For the reasons set forth below, and consistent with discussions held during that Status Conference, plaintiffs' Motion is granted-in-part and denied-in-part.

---

[1]  An unredacted version of this Order was issued under seal on May 6, 2020.  The parties were given an opportunity to propose redactions, but no such proposals were made.

[2]  On March 13, 2020, plaintiffs filed an amended complaint, identifying twenty-six named plaintiffs.  *See generally* Plaintiffs' First Amended Complaint Filed in Collective Action under the Fair Labor Standards Act.  Consistent with the Court's March 22, 2020 Order, plaintiffs have since filed three separate Notices, collectively joining six additional plaintiffs to this suit.  *See generally* Order Granting Plaintiffs' Motion for Leave, ECF No. 34; Plaintiffs' Unopposed Notice of Additional Party-Plaintiff(s) and Consent to Sue Form(s), ECF Nos. 36, 38, 40.

Pursuant to § 216(b) of the FLSA, a plaintiff may bring a collective action to recover liability "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed" with the Court. *Id.* On March 22, 2020, the Court granted plaintiffs' Unopposed Motion for Leave to File Notices of Additional Consents, thereby permitting the plaintiffs to join additional party-plaintiffs to this suit pursuant to Rule 20 of the Rules of the Court of Federal Claims ("RCFC"). *See generally* Order Granting Plaintiffs' Motion for Leave, ECF No. 34. To date, plaintiffs have filed three such Notices, which are inclusive of the requisite Consent to Sue Forms, per 29 U.S.C. § 216(b). *See generally* Plaintiffs' Unopposed Notice of Additional Party-Plaintiff(s) and Consent to Sue Form(s), ECF Nos. 36, 38, 40.

In their principle case, plaintiffs allege that the FBI improperly treated them and others similarly situated as exempt from the FLSA and therefore "seek to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the [FLSA], 5 U.S.C. § 5596 [(2018)], and other applicable laws." Plaintiffs' First Amended Complaint Filed in Collective Action under the Fair Labor Standards Act at 3. In the Motion at bar, plaintiffs seek "conditional certification for all past and present FLSA FBI employees who worked as Victim Specialists in occupational series GS-0101 and were classified as exempt from the FLSA at any time from three years prior to the date of the notice to the present." Pls.' Mot. at 1.

Plaintiffs claim that they satisfy the requirements for conditional certification, as all of the proposed collective action members are Victim Specialists in occupational series GS-0101, "all have been classified as FLSA-exempt at some point during the past three years," and because "they and others in their position were misclassified and not paid for their overtime hours at the FLSA-required rate of time and one-half their FLSA regular rate." *Id.* Plaintiffs indicated in their Motion that "the Government does not oppose Plaintiffs' request to issue the attached proposed notice subject to the notice procedure discussed" in plaintiffs' Motion, but that "[t]he Government reserves all rights to oppose collective treatment and to seek to decertify the conditionally certified collective action." *Id.* at 2.

In deciding whether certification of a collective action is appropriate, this Court has, at times, chosen to employ a judicially-devised "two-step approach," which "'involves a preliminary determination of whether the plaintiffs were subject to a common employment policy or plan, and then, after discovery, an opportunity for the defendant to decertify the collective action on the ground that the plaintiffs are not in fact similarly situated.'" *Barry v. United States*, 117 Fed. Cl. 518, 520 (2014) (quoting *Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009)). The first step, coined "conditional certification," places a low burden on the plaintiff, requiring only that the plaintiff make a "'modest factual showing' of common circumstance" amongst potential collective action members "based on 'the pleadings, affidavits, and other available evidence.'" *Id.* at 520–21 (quoting *Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008)); *Whalen*, 85 Fed. Cl. at 384–85 (quoting *Hoffmann v. Sbarro, Inc.*, F. Supp. 249, 261 (S.D.N.Y. 1997)). If that burden is met, then, as a second step, the Court "undertakes a more searching analysis into the relationship between named and opt-in plaintiffs. The inquiry into the similarity of prospective plaintiffs is more rigorous at this stage because plaintiffs have had the

opportunity to build a more robust case and 'marshal their best evidence' through the discovery process." *Whalen*, 85 Fed. Cl. at 385 (quoting *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004)) (citations omitted). If the plaintiffs succeed under this "stricter evidentiary burden," then the plaintiffs may proceed to trial as a collective action. *Id.* If they fail, "then the court will decertify the action, dismissing the opt-in plaintiffs without prejudice and permitting the named plaintiffs to go forward to trial in an individual capacity." *Id.* (citing *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004)).

As discussed during the April 27, 2020 Status Conference, the Court is not convinced that such a two-step approach comports with the language of the FLSA or the Rules of this Court. *See McClendon v. United States*, No. 12-81, 2013 U.S. Claims LEXIS 19, at *2–3 (Fed. Cl. Jan. 24, 2014) (discussing the absence of justification for the two-step approach in the text of the FLSA); *see also Smith v. United States*, No. 13-161, 2014 U.S. Claims LEXIS 774, at *4–5 (Fed. Cl. Aug. 11, 2014) ("The two-step procedure seems to have arisen from the mismatch between the opt-out procedure of the normal Rule 23 class action and the opt-in procedure suggested by the text of the FLSA."). Neither binding precedent nor the language of the FLSA specify the precise methodology for how collective actions should proceed, and neither the Supreme Court nor the FLSA explicitly condones or mandates the use of the two-step approach. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (declining to decide if "the standard for certifying a collective action under the FLSA is no more stringent than the standard for certifying a class under the Federal Rules of Civil Procedure."); *McClendon*, 2013 U.S. Claims LEXIS 19, at *2–3 (explaining that neither the Supreme Court nor the Federal Circuit has ruled on the two-step approach in the context of an FLSA action); *Gayle*, 85 Fed. Cl. at 77 (examining various methodologies for how courts have reviewed collective action certification, as "[t]he FLSA does not set forth in precise detail the manner in which collective actions should proceed."). *See generally* 29 U.S.C. § 216(b); *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989). As a result, the requirement that plaintiffs be "similarly situated" is open to interpretation by the lower court when such a court is deciding whether to certify a collective action, *see* 29 U.S.C. § 216(b), and, in doing so, whether to utilize the two-step approach.

In the case at bar, the Court declines to implement the two-step approach. As the two-step approach "is not specified by the plain text of the statute or binding precedent," the Court is "not persuaded that the judicially created two-step process is appropriate for our use." *Smith*, 2014 U.S. Claims LEXIS 774, at *4–5; *McClendon*, 2013 U.S. Claims LEXIS 19, at *2. Instead, the Court concludes that simply facilitating the notice process—so that plaintiffs can communicate with prospective party-plaintiffs—more appropriately aligns with this Court's Rules, the language of the FLSA, and with binding precedent. *See Hoffmann-La Roche*, 493 U.S. at 171–72. Additionally, the Court believes that, at the conclusion of the court-facilitated notice process, the plaintiffs will be adequately primed to submit a more comprehensive motion to certify a collective action. For those reasons, the Court denies plaintiffs' request to conditionally certify a collective action.

The Supreme Court has held that, "[b]ecause trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Id.* at 171. Given that § 216(b) affords employees with "affirmative permission" to proceed on behalf of similarly situated individuals, the Supreme

Court concluded that lower courts "must [have] . . . the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *See id.* at 170 (citing Fed. R. Civ. P. 83). Where a court decides to "oversee the notice-giving process," the Supreme Court has cautioned that courts "must be scrupulous to respect judicial neutrality," and that they must "avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174. In *McClendon*, this Court exercised its discretion to implement such a court-facilitated notice by granting plaintiff's request that defendant produce the names and mailing addresses of a narrow group of prospective collective action members. 2013 U.S. Claims LEXIS 19, at *7–8 ("[C]ourt-facilitated notice is an effective and efficient method of implementing the collective action provision of the FLSA.").

The Court believes that, in a FLSA collective action case, a court-facilitated notice process is both a permissible and effective means of providing plaintiffs with the ability to communicate with prospective party-plaintiffs in order to assemble a proposed collective action. The plaintiffs in the case at bar have requested that the Court approve the proposed Notice attached to their Motion, "subject to the notice procedure discussed" in that Motion. Pls.' Mot. at 2. Defendant does not oppose either request. *See id.* Upon careful review, the Court grants plaintiffs' request to transmit the proposed Notice and approves the procedures for preparing and distributing such Notice as they are enumerated in plaintiffs' Motion. At the close of the notice and opt-in periods, the parties **SHALL FILE** a Joint Status Report, notifying the Court of the completion of the opt-in period, after which the Court will set a status conference to set a briefing schedule on the merits of certifying a collective action.

For the foregoing reasons, plaintiffs' MOTION for Conditional Certification and Notice is hereby **GRANTED-IN-PART** as to transmitting the Notice and **DENIED-IN-PART** as to conditional collective action certification. The Notice set forth in Attachment A to this Order is hereby **APPROVED** for distribution in accordance with the procedures outlined in plaintiffs' Motion. Accordingly, the parties are **DIRECTED** to file the "agreed upon protective order" mentioned in the plaintiffs' Motion for the Court's review. Upon the Court's approval, defendant **SHALL PROVIDE** plaintiffs' counsel with the names, home addresses, and email addresses of all prospective party-plaintiffs within twenty days of that approval. Finally, and consistent with discussions held during the April 27, 2020 Status Conference, the Court will hold a Status Conference on **May 27, 2020, at 3:00 p.m. (EDT)**.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge